UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Monique Doward,                                    Case No. 24-cv-3970 (LMP/LIB)

        Plaintiff,

  v.                                              **REPORT AND RECOMMENDATION**

City of Kettle River, et al.,

        Defendants.

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

More than 90 days after Plaintiff filed her Amended Complaint, Plaintiff had not provided proof of service of a summons and a copy of the Amended Complaint on Defendant JT's Towing Company.[1] Accordingly, on March 24, 2024, the Court issued an Order, [Docket No. 16], notifying Plaintiff that the Federal Rules of Civil Procedure require her to demonstrate proof of service upon Defendant JT's Towing Company "within 90 days after the complaint is filed [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), the Court directed Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendant JT's Towing Company. The Court forewarned Plaintiff that if she failed to comply with this Court's directive in the time

---

[1] Plaintiff previously filed a "Proof of Service" form indicating that she mailed certain, unspecified documents to Defendant JT's Towing Company. (See "Proof of Service" Form [Docket No. 4]). However, as the Court explained in its prior Order, the "Proof of Service" form does not demonstrate that Plaintiff properly effected service of process upon Defendant JT's Towing Company. (See Order [Docket No. 16]).

permitted, the Court would recommend dismissal of the present action as alleged against Defendant JT's Towing Company for failure to effect proper service and failure to prosecute. (Order [Docket No. 16]).

A copy of the Court's March 24, 2025, Order was emailed to Plaintiff at the email address she provided to the Court. There is no indication on the docket that the communication was returned as undeliverable.

The time for Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendant JT's Towing Company has expired, and Plaintiff has neither provided proof of service nor articulated good cause as to why the Court should grant her an extension of time to do so.

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's March 24, 2025, Order. [Docket No. 16]. Plaintiff has failed to offer any explanation as to why she failed to comply with the Court's March 24, 2025, Order. Indeed, Plaintiff has failed to respond in any manner to the Court's March 24, 2025, Order.

Because the Court previously forewarned Plaintiff of the potential consequences of failing to abide by the Court's Order, the Court now recommends that this action as alleged against Defendant JT's Towing Company be dismissed without prejudice for failure to comply with the Court's March 24, 2025, Order, [Docket No. 16]; for lack of prosecution; and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action as alleged against Defendant JT's Towing Company be **DISMISSED without prejudice**.

Dated:  April 27, 2025                                    s/Leo I. Brisbois
                                                          Hon. Leo I. Brisbois
                                                          U.S. MAGISTRATE JUDGE

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).