UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MONIQUE DOWARD, | Case No. 24-cv-3970 (LMP/LIB) |
| Plaintiff, | |
| v. | |
| CITY OF KETTLE RIVER; DAVID LUCAS, Mayor of Kettle River, in his individual and official capacities; KATHY LAKE, City Clerk of Kettle River, in her individual and official capacities; SARAH SONSALLA, City Attorney for Kettle River, in her individual and official capacities; ADVANCED UTILITY SOLUTIONS; and JT's TOWING COMPANY, | **ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| Defendants. | |

---

Monique Doward, *pro se*.

Julie Anne Fleming-Wolfe, **Fleming-Wolfe Law, P.A., Saint Paul, MN**, for Defendants City of Kettle River, David Lucas, and Kathy Lake.

On October 17, 2024, Plaintiff Monique Doward ("Doward") brought this action against Defendants City of Kettle River ("Kettle River") and various Kettle River officers, Advance Utility Solutions ("AUS"), and JT's Towing Company. ECF No. 1. On December 5, 2024, Doward filed an amended complaint asserting causes of action under 42 U.S.C. § 1983 and Minnesota state law. ECF No. 12 at 4–5. Before the Court is Doward's motion for a preliminary injunction, in which she asks the Court to order Kettle River to restore water service to her house. ECF No. 17 at 1. Kettle River opposes the

motion. ECF No. 21. Because Doward has not demonstrated irreparable harm, the Court denies the motion.

## BACKGROUND

Doward's complaint states that she is an elected member of the City Council of Kettle River. ECF No. 12 ¶ 6.[1] In total, Doward raises seven causes of action relating to various allegedly illegal acts by Kettle River.

Doward first asserts that Kettle River and AUS unlawfully shut off her water on May 10, 2024, in the middle of "ongoing disputes over estimated and incorrect billing." *Id.* ¶ 13. Doward claims the shutoff was conducted "without proper notice or legal justification" and that Kettle River only cited unadopted ordinances to support the shutoff. *Id.* ¶ 16. Doward further alleges that Kettle River's City Clerk, Defendant Kathy Lake ("Lake"), sent her estimated water bills totaling $1,600 and imposed excessive late fees without justification or explanation. *Id.* ¶¶ 17–18. Doward also claims that Kettle River unlawfully towed her vehicle. *See id.* ¶ 20. Doward asserts that these actions constitute a violation of her right to due process because Kettle River did not provide her "adequate notice or a meaningful opportunity to be heard," *id.* ¶¶ 36–37, a violation of substantive due process because Kettle River's actions were arbitrary and capricious, *id.* ¶¶ 38–39, illegal retaliation, *id.* ¶¶ 43–44, and that the towing of her vehicle was an unreasonable seizure, *id.* ¶¶ 45–46.

---

1   Kettle River notes in its answer that Doward was not reelected and that her last day as a City Council Member was December 31, 2024. ECF No. 15 ¶ 5.

Doward further states that she has been treated unequally by Kettle River because in November 2024, the City Council voted to forgive the past-due water bill of a different Kettle River resident on the grounds that the resident simply "did not want" to pay it. *Id.* ¶¶ 22–23. Kettle River refused to similarly forgive Doward's past-due bill. *Id.* ¶ 24. Doward asserts that this was in violation of her right to equal protection. *Id.* ¶¶ 40–42.

Kettle River has also allegedly failed to pay Doward for serving as a City Council Member, despite being told to do so by the Minnesota Department of Labor. *Id.* ¶¶ 27–28. Other City Council Members have been paid. *Id.* ¶ 28. Doward asserts that her lack of pay has directly affected her ability to pay her water bill. *Id.* ¶ 29. Doward alleges these actions constitute illegal retaliation, *id.* ¶¶ 43–44, violations of the Fair Labor Standards Act and Minnesota wage laws, *id.* ¶¶ 47–50, and "negligence, unjust enrichment, and intentional infliction of emotional distress," *id.* ¶ 51.

On March 26, 2025, Doward filed a motion seeking a preliminary injunction and to "immediately restore her water service." ECF No. 17. Doward informs the Court that Kettle River has "reversed [the] inflated balance of $1,561.21," ECF No. 18 at 1, and that she has made payments to restore her water, *id.* at 2, but that Kettle River nevertheless refuses to restart water service "citing unfounded requirements for meter replacement without evidence that her meter was faulty," *id.* at 1. She claims that Kettle River's refusal "directly violates utility service laws and constitutes unlawful retaliation and deprivation of an essential service" in violation of her rights to due process and equal protection. *Id.*

3

at 1–2.  She further argues that she faces irreparable harm because the lack of water service threatens her "health, safety, and ability to reside in her home." *Id.* at 3.

## ANALYSIS

"A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant." *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) (citation omitted).  A party seeking a preliminary injunction must establish four factors: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the moving party's favor; and (4) the injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

"There is no single factor that is regarded as dispositive; rather, the court should balance all factors in considering whether the injunction should be granted." *Ng v. Bd. of Regents of Univ. of Minnesota*, 64 F.4th 992, 997 (8th Cir. 2023).  But the moving party's "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).  A plaintiff fails to show irreparable harm when the plaintiff acts with "unreasonable delay" in bringing a motion for a preliminary injunction.  *Ng*, 64 F.4th at 997 (noting that unreasonable delay "is a sufficient basis to deny a preliminary injunction").  That is because "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996).  Delay in seeking a preliminary injunction "vitiates much of the force of . . .

4

allegations of irreparable harm." *Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977).  Delay is calculated by measuring the time between when the plaintiff sought injunctive relief and the time when the plaintiff had "knowledge of the conduct of the defendant." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 894 (8th Cir. 2013).  But whether a delay is unreasonable is "context dependent." *Ng*, 64 F.4th at 998.  One particularly strong indication of unreasonable delay is when an injunction is sought only after the harm has already occurred, making it impossible for a court to "preserve the status quo." *Id.* (citation omitted).

The Court denies Doward's request for a preliminary injunction because she acted with unreasonable delay in seeking it.  Doward asserts that she will suffer irreparable harm if the Court does not order the immediate restoration of water service to her house.  But by her own admission, the water was turned off on May 10, 2024.  ECF Nos. 12 ¶ 13, 25.  Doward nevertheless waited at least six months *after* her water had been shut off to file her initial complaint, ECF No. 1, and an additional five months to seek a preliminary injunction, ECF No. 17.  That was at least eleven months in total.  There is, simply put, no reason that justifies that delay.  *See, e.g.*, *Hotchkiss v. Cedar Rapids Cmty. Sch. Dist.*, 115 F.4th 889, 894 (8th Cir. 2024) (delay of sixteen months in seeking injunctive relief failed to demonstrate irreparable harm); *Adventist Health Sys./Sunbelt, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 17 F.4th 793, 806 (8th Cir. 2021) (same for twelve-month delay); *Minn. State Coll. Student Ass'n v. Cowles*, 620 F. Supp. 3d 835, 855 (D. Minn. 2022) (same for eleven-month delay); *CHS, Inc. v. PetroNet, LLC*, No. 10-cv-94 (RHK/FLN), 2010 WL 4721073, at *3 (D. Minn. Nov. 15, 2010) (same for eight-month delay).  And regardless of

the particular length of delay, Doward filed her motion "after it would have been possible to preserve the status quo." *Ng*, 64 F.4th at 998.  It was too late for the Court to prevent Kettle River from shutting off her water as the litigation played out.  The inability to provide an immediate remedy at the start of the lawsuit supports a finding that the "delay was unreasonable and that it consequently defeated [Doward]'s goal of preventing irreparable harm." *Id.*  As a result, Doward has not carried her burden for the extraordinary relief she sought.[2]

## ORDER

Because Doward has not shown irreparable harm sufficient to justify a preliminary injunction, and based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT** Doward's Motion for Preliminary Injunction (ECF No. 17) is **DENIED**.

Dated: May 30, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[2]   Given that the Court is denying Doward's preliminary injunction motion principally because she cannot establish irreparable harm, the Court will not address Kettle River's additional grounds for dismissal in that Doward did not comply with dispositive motion practice. *See* ECF No. 21 at 12–13.