**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MONIQUE ANNETTE DOWARD,

Plaintiff,

v.

CITY OF KETTLE RIVER; DAVID
LUCAS, *Mayor of Kettle River, in his
individual and official capacities*;
KATHY LAKE, *City Clerk of Kettle
River, in her individual and official
capacities*; SARAH SONSALLA, *City
Attorney for Kettle River, in her
individual and official capacities*; and
ADVANCED UTILITY SOLUTIONS,

Defendants.

Case No. 24-cv-3970 (LMP/LIB)

**ORDER GRANTING MOTIONS FOR
SUMMARY JUDGMENT**

---

Monique Annette Doward, pro se.

Julie Anne Fleming-Wolfe, **Fleming-Wolfe Law, P.A., Saint Paul, MN**, for Defendants
City of Kettle River, David Lucas, Kathy Lake, and Advanced Utility Solutions.

Jessica E. Schwie, **Kennedy & Graven, Chartered, Minneapolis, MN**, for Defendant
Sarah Sonsalla.

On October 17, 2024, Plaintiff Monique Annette Doward brought this action against

Defendants City of Kettle River ("Kettle River"), various Kettle River officers, Advance

Utility Solutions ("AUS"), and JT's Towing Company.[1]  ECF No. 1.  On December 5,

2024, Doward filed an amended complaint asserting causes of action under 42 U.S.C.

§ 1983 and Minnesota state law.  ECF No. 12 at 4–5.

---

[1]     JT's Towing Company was dismissed on May 16, 2025.  ECF No. 28.

Before the Court are two motions for summary judgment: one by Defendants Kettle River; its Mayor, David Lucas; its clerk, Kathy Lake; and AUS ("the Kettle River Defendants"), *see* ECF No. 52; and one by the City Attorney for Kettle River, Sarah Sonsalla, *see* ECF No. 57. After an extension of time granted by the Court, ECF No. 66, Doward responded to the motions, ECF Nos. 67, 69. Because Doward has abandoned most of her claims, and because her remaining claim is meritless, the Court grants both summary judgment motions and dismisses the complaint with prejudice.

## BACKGROUND

Doward lives in Kettle River, Minnesota, and was a member of Kettle River's City Council until December 31, 2024. ECF No. 12 ¶ 6; ECF No. 15 ¶ 5. In November 2023, Doward stopped paying her water bill in protest of what she believed to be overbilling, ECF No. 54-2 at 51:6–53:5, 78:11–15, igniting a long-running dispute "over estimated and incorrect billing," ECF No. 12 ¶ 13.

On February 8, 2024, Kettle River sent Doward a notice that her bill was at least 60 days past due and warned Doward that Kettle River might turn off her water if the bill was not paid within seven days. ECF No. 54-10. The notice informed Doward that she had the right to request a hearing. *Id.* Doward did not pay the bill by the deadline, but Kettle River did not turn off her water. ECF No. 21-2 at 1. Instead, Kettle River informed Doward that it did not believe Doward's meter was working properly and offered to set up a time to "check it" and to repair or replace it, if necessary. *Id.* at 10. Doward refused to schedule a time for Kettle River to do so because she did not trust Kettle River's employees and wanted to be heard by the City Council. ECF No. 54-2 at 145:21–148:10.

On March 26, 2024, Kettle River sent Doward a second notice telling her that she had until April 1, 2024, to pay her overdue bill or risk disconnection. ECF No. 54-11. That deadline came and went without payment, but, again, Kettle River did not turn off the water. Finally, on April 29, 2024, Kettle River sent Doward a notice that she had until May 8, 2024, to pay her bill or the water would be disconnected. ECF No. 54-12.

On May 8, 2024, Doward parked her van on her property in such close proximity to the property's water shut off valve that Kettle River was unable to turn off her water. ECF No. 54-2 at 34:11–17; ECF No. 54-14. As a result, on that same day Kettle River sent Doward a letter telling her that she had one day to move the van or Kettle River would tow it under city ordinances. ECF No. 54-14. Kettle River sent a similar letter the next day. ECF No. 54-15. But Doward did not move her van, so Kettle River had it towed on May 10, 2024, and shut off her water. ECF No. 12 ¶ 13; ECF No. 54-2 at 12:24–13:4; ECF No. 21-2 at 2.

Doward then filed a complaint with the Minnesota Attorney General's Office, and the Minnesota Attorney General's Office asked Kettle River to respond. ECF No. 67-7 at 1. Sonsalla, a private attorney hired by Kettle River to perform legal work when necessary, ECF No. 54-2 at 209:3–8, 229:19–230:8, sent a letter to the Minnesota Attorney General's Office on May 24, 2024, responding to each of Doward's allegations. *See generally* ECF No. 67-7.

Doward thereafter again requested to be heard by the City Council to discuss the "water and sewer billing and having [her] water turned back on." ECF No. 54-19; ECF No. 54-2 at 150:5–151:18. As requested, the Council took up those issues at a hearing on

June 17, 2024.  ECF No. 54-2 at 152:17–19; ECF No. 54-17 at 4–5.  But Doward refused to appear because she did not believe it would be a fair hearing.  ECF No. 54-2 at 87:5–23.  On June 18, 2024, Kettle River sent Doward a letter telling her that her meter needed to be replaced, that she needed to work with Kettle River to schedule a time for the replacement, that the water would be turned on once it was replaced, and that she was still liable for any past-due billing amounts.  ECF No. 54-19; ECF No. 54-2 at 91:20–92:9 (Doward acknowledging that she aware of the hearing and informed of its result).  But Doward never took any steps to have the meter replaced, so her water remained off for the rest of the year, and her past-due bill was assessed against her property taxes.  ECF No. 12 ¶¶ 16–17; ECF No. 54-2 at 161:1–7; ECF No. 54-20.

Separate from the water issue, Doward also alleges in her amended complaint that Kettle River illegally refused to pay her wages as a City Council member for at least a full year.  ECF No. 12 ¶¶ 27–30.

On December 9, 2024, Doward filed her amended complaint.  ECF No. 12.  In Count 1, Doward alleges that Defendants "deprived [her] of water service and her vehicle without adequate notice or a meaningful opportunity to be heard," in violation of her procedural due process rights.  *Id.* ¶¶ 36–37.  Count 2 alleges that Defendants' "actions, including reliance on unadopted ordinances, were arbitrary and capricious, lacking any legitimate governmental purpose, and violated Plaintiff's substantive due process rights."  *Id.* ¶¶ 38–39.  Count 3 alleges that Defendants violated Doward's equal protection rights because Kettle River refused to forgive her water bill debt but had previously forgiven the debt of other residents.  *Id.* ¶¶ 40–42.  Count 4 alleges that Defendants retaliated against

4

her "for raising concerns about illegal city practices." *Id.* ¶¶ 43–44. Count 5 alleges that Defendants "unlawfully seized" her vehicle in violation of the Fourth Amendment.[2] *Id.* ¶¶ 45–46. Finally, Counts 6 and 7 allege that Defendants violated the Fair Labor Standards Act and state law for failing to pay her wages to which she was entitled. *Id.* ¶¶ 47–51. In each claim, Doward lumps all of the Defendants together without distinguishing how any individual Defendant's actions violated any of her rights. *See generally id.*

After she filed the complaint, Doward's past-due balance was deemed paid. *See* ECF No. 67-3 at 4–6. But Kettle River informed Doward that it will not turn on her water until Doward schedules a time to have the water meter replaced, and that she may have Kettle River employees replace it at no charge or personally hire a plumber to do so at her own expense. ECF No. 19 at 1. Kettle River has, in fact, offered to replace the water meter. ECF No. 54-2 at 161:8–10. But Doward has not scheduled a time to have the water meter replaced because she believes it must be replaced by a licensed plumber at no charge to her, ECF No. 54-2 at 172:1–11, 175:17–21, and "at this point" she wants to "wait to have the court to have it turned on," *id.* at 161:10–12.

On March 26, 2025, Doward filed a preliminary injunction motion seeking to "immediately restore her water service." ECF No. 17. Relevant here, Doward told the Court that her water bill balance was paid but that Kettle River had refused to start her water service because it continued to demand the replacement of her water meter. ECF No. 18 at 1. Doward argued that Kettle River's insistence that the water meter be replaced

---

[2]     Doward brings each of her constitutional claims under 42 U.S.C. § 1983.

is "unfounded" and not supported by "evidence that her meter was faulty." *Id.* On May 30, 2025, the Court denied the motion because Doward unreasonably delayed in bringing it. ECF No. 30.

Doward twice attempted to file a second amended complaint—on July 29, 2025, and August 10, 2025. *See* ECF Nos. 40, 43. Each time, Doward sought to include facts of "ongoing harm and retaliation that occurred after the original complaint was filed and is closely related to the existing claim." ECF No. 40 at 3; *see also* ECF No. 43 at 1. Both proposed amended complaints included Doward's assertions that Kettle River would not turn her water on until she allowed Kettle River to replace the water meter. ECF No. 40-1 at 1; ECF No. 43-1 at 2. Both proposed complaints were procedurally deficient, however, and were ultimately stricken. *See generally* ECF No. 49.

On January 30, 2026, the Kettle River Defendants moved for summary judgment, ECF No. 52, as did Sonsalla, ECF No. 57. Doward filed a response in opposition on March 15, 2026, ECF No. 67, and a sur-reply on April 13, 2026, ECF No. 69. The Court took the motions under advisement without a hearing. ECF No. 70.

## ANALYSIS

Summary judgment is appropriate where the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Hustvet v. Allina Health Sys.*, 910 F.3d 399, 406 (8th Cir. 2018). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*,

6

477 U.S. 242, 252 (1986).  When considering a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts."  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).  But courts "must not weigh evidence or make credibility determinations."  *Sanimax USA, LLC v. City of South St. Paul*, 95 F.4th 551, 558 (8th Cir. 2024) (internal quotation marks omitted) (citation omitted).

Although it is the moving party's burden to show that there is no dispute of material fact, every party has the burden to "properly support an assertion of fact" and "properly address another party's assertion of fact."  Fed. R. Civ. P. 56(e).  And every party who asserts that a genuine dispute exists must cite "to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  A failure to do so justifies summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the moving party is entitled to it.  Fed. R. Civ. P. 56(e)(3).  Doward, "[l]ike any other civil litigant," is "required to respond to defendants' motions with specific factual support for [her] claims to avoid summary judgment," despite her pro se status.  *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).

Finally, the complete failure "to oppose a basis for summary judgment constitutes waiver of that argument."  *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009); *see also Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006) ("Without some guidance, we will not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments.").

I.    **Waiver**

The Kettle River Defendants provide substantive argument on each of Doward's claims, including that: (1) Doward's procedural and substantiative due process claims are meritless as a matter of law, ECF No. 54 at 8–11, 13–14; (2) Kettle River employees are entitled to qualified immunity, *id.* at 11–12; (3) Doward's claims against AUS are unsupported by any factual basis, *id.* at 12–13; (4) Doward's equal protection claim is meritless and unsupported by evidence, *id.* at 14–16; (5) Doward was paid all wages she was due, *id.* at 16, 19; (6) Doward's retaliation claim is unsupported by facts, *id.* at 16–18; (7) Doward's van was not unlawfully seized, *id.* at 18; and (8) any remaining state-law claims are meritless and unsupported by facts, *id.* at 19–20.  Likewise, Sonsalla argues that Doward has failed to identify what actions Sonsalla took that violated the law, ECF No. 59 at 5, that Sonsalla is otherwise entitled to qualified immunity, and that Sonsalla is not a state actor for purposes of Section 1983 liability, *id.* at 5–6.

In response to the Kettle River Defendants' motion, Doward argues that Kettle River's continued refusal to turn on her water violates her procedural due process rights because it was a "new condition" that is "not contained in [Kettle River's] ordinance governing restoration of water service."  ECF No. 67 at 2; *see also id.* at 6 (arguing that "water service constitutes a protected property interest" that cannot be taken away "without due process of law").  She also argues that Kettle River's determination that her meter needs to be replaced is not based on "inspection reports, testing documentation, or technician reports" and that whether her meter is broken is in "genuine dispute."  *Id.* at 4.

8

In response to Sonsalla's motion, Doward asserts that Sonsalla "communicated with government officials and defended the City's actions" and that a jury could "conclude that her legal advice and participation contributed to the decisions challenged in this case." *Id.* at 5. For support, Doward references only the letter Sonsalla sent to the Minnesota Attorney General's office. *Id.* (citing ECF No. 67-7).

In its reply, the Kettle River Defendants argue that Doward forfeited most of her claims by failing to respond to them substantively. ECF No. 68 at 2–3, 8–9. They also assert that Doward's due process claim related to the replacement of her water meter was procedurally improper because it was not pleaded in her complaint and is otherwise meritless. *Id.* at 4–7.

Doward submitted a motion for leave to file a sur-reply, ECF No. 69, which the Court granted, ECF No. 70. In the sur-reply, Doward argues that the water meter issue was embraced by her complaint, ECF No. 69-1 at 1–4, and that Kettle River's refusal to reconnect her water is based on an unlawful assertion that the meter needs to be replaced, *id.* at 4–5. In sum, Doward asserts that her "due-process theory" is that Kettle River continues to "deprive her of a protected property interest in essential household water service through an unwritten and arbitrarily applied meter-replacement condition . . . without a meaningful procedure to contest that condition or the ongoing deprivation." *Id.* at 5. And Doward asks the Court to deny summary judgment on her "§ 1983 due-process claim regarding her residential water service." *Id.*

What is notable from all the briefing Doward provides, of course, is what is *not* argued. Doward makes no mention of her substantive due process rights (Count 2), her

9

equal protection rights (Count 3), any retaliation she allegedly experienced (Count 4), the seizure of her van (Count 5), her allegedly unpaid wages (Count 6), or how any of the Defendants' actions violated state law (Count 7). Doward does not substantively respond to Sonsalla's arguments that she is a private actor, that she is otherwise entitled to qualified immunity, or explain how Sonsalla's specific actions violated her rights. As a result, even considering Doward's pro se status, the Court must conclude that she has forfeited each of Counts 2 through 7 against all Defendants and all her claims against Sonsalla. *Satcher*, 558 F.3d at 735.

## II.   Procedural Due Process

Doward maintains her claim that Defendants violated her procedural due process rights by conditioning the resumption of her water service on the replacement of her water meter without affording her the opportunity to contest the issue. ECF No. 69-1 at 5. But even if that claim is properly before the Court,[3] the claim is meritless.

---

[3]   Kettle River argues that Doward cannot assert this theory of liability because it was not included in her complaint. ECF No. 68 at 4–7. There is some merit to its argument. *Kellar v. Wills*, 186 F. App'x 714, 716 (8th Cir. 2006) (noting that a party may not respond to a summary judgment motion by introducing a "new theory of liability, not asserted in [a] complaint"). Here, the amended complaint pleads a procedural due process claim that rests on Doward's assertion that Kettle River turned off her water without providing her sufficient notice, without mention of the water meter issue. ECF No. 12 ¶¶ 13–18. Yet Defendants can hardly claim prejudice from this newly raised issue. The water-meter theory of liability was, after all, first brought to the Court's attention on March 26, 2025, when Doward brought a preliminary injunction motion complaining that Kettle River was demanding that the water meter be replaced. ECF No. 18 at 1. And the Court notes that Kettle River had a chance to, and did, address the merits of her water-meter theory in its summary-judgment briefing before the Court. *See* ECF No. 68 at 5–7. Although the water-meter theory of liability is arguably forfeited, the Court elects to consider it.

A procedural due process claim turns on "(1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.'" *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976)).  Kettle River appears to concede that water service constitutes a protected interest.  But Kettle River argues that it indisputably provided Doward adequate process to protect that interest.  ECF No. 68 at 5–7.  The Court agrees.

"To determine whether the process afforded to protect a property right is constitutionally sufficient, it is necessary to assess whether the process is commensurate in scope with the right and the circumstances surrounding elimination of the right*." Pena v. Kindler*, 863 F.3d 994, 998 (8th Cir. 2017).  While "the formality and procedural requisites for the hearing can vary," *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985) (citation omitted), ultimately, the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (citation omitted) (internal quotation marks omitted).

Doward received that process.  Kettle River first informed Doward that it believed Doward's water meter was not working properly on March 4, 2024.  ECF No. 21-2 at 10–11.  Kettle River offered to send an inspector to her house to test the meter and to replace it, if necessary.  *Id.*  But Doward refused the offer because she did not trust the inspectors.  ECF No. 54-2 at 145:21–148:10.  Instead, Doward demanded a hearing before the City Council to discuss the "water and sewer billing and having [her] water turned back on." ECF No. 54-19; ECF No. 54-2 at 150:5–151:18.  The City Council granted her request and

11

held a hearing on June 17, 2024.  ECF No. 54-2 at 152:17–19; ECF No. 54-17 at 4–5.  But Doward refused to appear at the hearing because she did not believe it would be fair.  ECF No. 54-2 at 87:5–23.  Kettle River has since explained to Doward that it will replace the water meter at no cost to Doward or that Doward could replace the water meter at her expense with a plumber of her choice.  ECF No. 19 at 1; ECF No. 54-2 at 161:8–10.  Doward has not had the water meter replaced.  ECF No. 54-2 at 172:1–11, 175:17–21.

As the record indisputably indicates, Kettle River provided several opportunities to Doward so that she could contest Kettle River's belief and ultimate conclusion that her water meter needs to be replaced.  But Doward refused to engage with those opportunities.  Whatever her reasons might be, Doward cannot now complain that she was deprived of a constitutionally-sufficient opportunity to challenge Kettle River's determination.  *See Riggins v. Bd. of Regents of Univ. of Neb.*, 790 F.2d 707, 711 (8th Cir. 1986) (holding that a "state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail [herself] of them"); *Patel v. City of Sauk Center*, 631 F. Supp. 2d 1139, 1148 (D. Minn. 2007) (noting that a plaintiff "should not complain of a procedural due process violation, when the City Council acted . . . in the manner consistent with that [the plaintiff] requested").

Doward's arguments in support of her claim are unavailing.  First, she asserts that Kettle River does not have an ordinance allowing it to withhold water service if a citizen's water meter needs to be replaced, so Kettle River cannot impose that condition on her.  ECF No. 67 at 3–4; ECF No. 69-1 at 4.  But in doing so, Doward merely argues that Kettle River's ultimate decision to place such a condition on her was wrong.  Whatever the merits

of that argument, whether Doward was denied procedural due process turns on whether she was provided adequate process to contest that decision, not whether the decision was correct. *A.K. v. Minn. State High Sch. League*, No. 23-cv-1985 (PAM/JFD), 2023 WL 5348866, at \*4 (D. Minn. Aug. 21, 2023) ("Due process does not require a favorable decision, only a decision rendered after giving the interested person notice and an opportunity to be heard."); *see also Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) ("It is process that the procedural due process right protects, not the outcome."). Second, Doward asserts that Kettle River's conclusion that her water meter is faulty and needs to be replaced is, factually, incorrect. ECF No. 67 at 4–5; ECF No. 69-1 at 4. But this argument fails for the same reason: it challenges only the *result* of the process, not the process itself.

Because Kettle River provided Doward "the opportunity to be heard at a meaningful time and in a meaningful manner," *Mathews*, 424 U.S. at 333 (citation omitted) (internal quotation marks omitted), it did not violate Doward's procedural due process rights by conditioning her water service on the replacement of her water meter. Doward had the opportunity to be heard on that decision, and she chose not to avail herself of that opportunity. As a result, the Court grants the Defendants summary judgment on Count 1.

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motion for Summary Judgment of Defendants City of Kettle River, David Lucas, Kathy Lake, and Advanced Utility Solutions (ECF No. 52) is **GRANTED**;

13

2.     The Motion for Summary Judgment of Defendant Sarah Sonsalla (ECF No. 57) is **GRANTED**;

3.     Doward's complaint (ECF No. 12) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 9, 2026                    *s/Laura M. Provinzino*
                                       Laura M. Provinzino
                                       United States District Judge

14